IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDALL ARTHUR RADUNZ,

                ORDER

       Plaintiff,

              09-cv-217-slc[1]

   v.

EVERETT MUHLHAUSEN,
MICHAEL KNOLL, JERRY NELSON
and BRUCE VON HADEN,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Randall Radunz seeks leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915.  In a previous order, dkt. #4, the magistrate judge concluded that plaintiff was unable to prepay the full filing fee and directed him to make an initial partial payment in accordance with 28 U.S.C. § 1915(b)(1).  The court has received plaintiff's initial partial payment.

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because he has not provided notice of his claim as required by Federal Rule of Civil Procedure 8.

Plaintiff's complaint includes virtually no facts, only conclusions. He says that "the Defendants" violated his rights under the Fourteenth Amendment by "causing Plaintiff to be detained at the Pierce County Jail without due process of law" and under the Eighth Amendment by "causing Plaintiff to be subjected to improper medical care."

These allegations are not sufficient to state a claim upon which relief may be granted. Under Rule 8, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). It is not enough simply to state legal conclusions or to list the elements of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In this case, plaintiff does not identify what each defendant did to him or how they

2

violated his rights. Accordingly, I will give him an opportunity to file an amended complaint that complies with Rule 8. He should draft his amended complaint not as if he is writing a legal brief, but as if he is telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes him liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

If plaintiff fails to cure the defects in his complaint, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff Randall Arthur Randunz may have until May 28, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8. If he fails to respond by that date, I will direct the clerk of court to close the case.

Entered this 12th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3