IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDALL ARTHUR RADUNZ,

                    Plaintiff,

      v.

EVERETT MUHLHAUSEN,
MICHAEL KNOLL, JERRY NELSON
and BRUCE VON HADEN,

                    Defendants.

OPINION and ORDER

09-cv-217-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Randall Arthur Radunz has responded to this court's order directing him to file an amended complaint that complies with Fed. R. Civ. P. 8.  In his original complaint, plaintiff alleged only that "the Defendants" violated his rights under the Fourteenth Amendment by "causing Plaintiff to be detained at the Pierce County Jail without due process of law" and under the Eighth Amendment by "causing Plaintiff to be subjected to

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

improper medical care." This was insufficient because it failed to provide defendants with notice of plaintiff's claims against them.

Unfortunately, having reviewed plaintiff's amended complaint, I conclude again that the allegations are too vague to comply with Fed. R. Civ. P. 8. I will give plaintiff one more opportunity to cure the deficiencies in his complaint before dismissing it with prejudice.

In his amended complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

In May 2003, plaintiff Randall Arthur Radunz was a suspect in a homicide investigation. On May 15, after obtaining a warrant, defendant Bruce Haden, an officer for the Pierce County sheriff's department, searched plaintiff's home, where Von Haden "allegedly found ammunition and some drugs [a]nd other evidence related to the search warrant." After consulting with plaintiff's probation officer, Von Haden arrested plaintiff on a probation violation and detained him at the Pierce County jail.

Plaintiff was still incarcerated on July 15, 2003. When defendant Jerry Nelson, an officer at the jail, called plaintiff to get his medication, plaintiff fell when he tried to stand and lost consciousness. Plaintiff was taken to the hospital, where he was treated and then returned to the jail. (Plaintiff does not identify the condition he suffered from.)

Plaintiff asked defendant Nelson to release him. Nelson told plaintiff that he was

2

"just the day sergeant," but he refused to allow plaintiff to speak with a supervisor or "other person of authority."

Plaintiff believes that defendant Everett Muhlhousen (the sheriff) and defendant Michael Knoll (the jail administrator) are "ultimately responsible" for the detention and release of prisoners.

Currently, plaintiff is incarcerated in Minnesota.

DISCUSSION

I understand plaintiff to be raising two claims in his complaint: (1) defendants failed to release him from custody when required by law to do so; (2) defendants failed to provide him with proper medical care.  Plaintiff also alleges that defendant Von Haden "burglarized" his warehouse, but that allegation is the subject of another lawsuit, Radunz v. Von Haden, 07-cv-270-rtr (W.D. Wis.), so I do not consider that in the context of this case.

I conclude that plaintiff has failed to state a claim upon which relief may be granted. When a prisoner is incarcerated beyond the date authorized by state law, the prisoner's custodian may be liable under the Constitution if he disregards a substantial risk that the prisoner is being held illegally.  Campbell v. Peters, 256 F.3d 695, 700-01 (7th Cir. 2001); Armstrong v. Squadrito, 152 F.3d 564, 577 (7th Cir. 1998)  Russell v. Lazar, 300 F. Supp. 2d 716 (E.D. Wis. 2004).  The problem with plaintiff's claim of unlawful detention is that

3

he has alleged no facts from which it would be plausible to infer that any of the defendants detained him in violation of the law.

Plaintiff relies on Wis. Stat. § 302.335(2)(b), which requires the Division of Hearings and Appeals to "begin a final revocation hearing within 50 calendar days after the person is detained in the county jail" unless an extension is granted or the prisoner waives the right to a hearing. However, plaintiff does not allege that the division failed to provide him with a timely hearing.

Even if the division had violated § 302.335(2)(b), this would not necessarily mean that any of the defendants violated plaintiff's constitutional rights by failing to release him. Plaintiff appears to believe that § 302.335(3) compels a prisoner's release after 50 days, but he is misreading the statute. It says: "If there is a failure to begin a hearing within the time requirements under sub. (2), the sheriff, the tribal chief of police or other person in charge of a county facility shall notify the department at least 24 hours before releasing a probationer, parolee or person on extended supervision under this subsection." The statute suggests that the sheriff has the *authority* to release a prisoner after 50 days (if the sheriff provides notice to the department), not that the sheriff is *required* to release the prisoner.

The case plaintiff cites makes it clear that the 50-day deadline is directory rather than mandatory and that a prisoner's right to due process is not violated each time that deadline is missed. State ex rel. Jones v. Division Administrator, State, Division of Hearing and

4

Appeals, 195 Wis. 2d 669, 674, 536 N.W.2d 213, 216 (Ct. App. 1995). Rather, the question is whether the probationer receives a hearing "within a reasonable time." Id. It is impossible to determine from plaintiff's allegations whether any delay in providing him a hearing was reasonable,

Finally, a jailer may be held liable for unlawfully detaining a prisoner only if the jailer *knows* that there is a substantial risk that the prisoner's detention is unlawful. Armstrong, 152 F.3d at 577. With respect to defendants Muhlhousen and Knoll, plaintiff alleges only that they are "responsible" for the proper release of prisoners. However, high ranking officers may not be held liable under the Constitution simply as a result of their rank. Burks v. Raemisch, 555 F.3d 592, 593 -94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.")

With respect to defendant Nelson, plaintiff alleges that he told Nelson he wanted to be released, but that is not enough. Jailers are not required to credit a prisoner's unsubstantiated claims seeking release. Hernandez v. Sheahan, 455 F.3d 772, 777 (7th Cir. 2006) (upholding sheriff's policy of refusing to investigate claims of innocence after probable cause determination). Rather, plaintiff must plead facts that are plausible on their face showing that defendants were actually aware that he was being held for an unreasonably long time. If plaintiff simply asked for release without explaining why his detention was illegal, defendants would not necessarily be required to investigate further.

5

Accordingly, I cannot allow him to proceed on this claim.  If plaintiff wishes to replead this claim, he should include the following information in a second amended complaint:

- the date he received a revocation hearing;

- any circumstances showing whether a hearing was delayed unreasonably;

- facts showing what each defendant knew about the legality of plaintiff's detention.

Plaintiff's claim of inadequate medical care is even more lacking in facts.  He alleges only that he fell unconscious in front of defendant Nelson and was taken to the hospital as a result.  He does not allege that any of the defendants failed to provide him with any care that he needed.  If he wishes to replead this claim, he should include the following information in his second amended complaint:

- the condition he suffered from;

- the facts that each defendant knew about his condition; and

- the care that plaintiff needed that defendants failed to provide.

Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007).

## ORDER

IT IS ORDERED that plaintiff Randall Arthur Radunz may have until June 18, 2009

to file a second amended complaint that complies with Fed. R. Civ. P. 8.  If plaintiff fails to

respond by that date, I will dismiss the case.

     Entered this 5th day of June, 2009.

                    BY THE COURT:

                    /s/

                    _____

                    BARBARA B. CRABB
                    District Judge