IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDALL ARTHUR RADUNZ

                                                    ORDER

           Plaintiff,

                                              09-cv-217-slc

     v.

EVERETT MUHLAUSEN, MICHAEL
KNOLL, JERRY NELSON and
BRUCE VON HADEN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated July 8, 3009, I denied plaintiff Randall Radunz's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> because he had failed to state a claim upon which relief may be granted, despite having been given three chances to allege facts showing that defendants knew he was being held unlawfully and that he was not receiving needed medical care. Judgment of dismissal was entered the same day. Now plaintiff has filed a notice of appeal. The notice is not accompanied by the $455 fee for filing an appeal. Therefore, I construe the notice as including a request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal.

Plaintiff's request for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on appeal is governed by the 1996 Prison Litigation Reform Act. This means that this court must determine first whether

1

plaintiff's request must be denied either because he has three strikes against him under 28 U.S.C. § 1915(g) or because the appeal is not taken in good faith. Plaintiff does not have three strikes against him. However, in Hains v. Washington, 131 F.3d 1248 (7th Cir. 1997), the court of appeals suggested that when a district court dismisses an action under 28 U.S.C. § 1915A for failure to state a claim, it should not find good faith for an appeal except in rare circumstances, which the district court is to articulate in allowing the appeal to go forward. There are no exceptional circumstances in this case. Therefore, I must certify that plaintiff's appeal is not taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that plaintiff intends to present on appeal. Also, plaintiff's motion must be accompanied by a copy of this order. Plaintiff should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If plaintiff does not file a motion requesting review of this order, the court of appeals may not address this court's denial of leave to proceed in forma pauperis on appeal, but rather require plaintiff

2

to pay the entire $455 filing fee before it considers his appeal. If the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline. If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that plaintiff's appeal is not taken in good faith.

Entered this 24th day of July, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge